# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Duhjuan L. Miller, | Case No. 2:23-cv-00585-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Bridgecrest and Daniel Gaudreau, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-2). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses his complaint with leave to amend.

## I.     *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II.     Screening the complaint.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1    complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

2    F.3d 1103, 1106 (9th Cir. 1995).

3           Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4    complaint for failure to state a claim upon which relief can be granted.  Review under Rule

5    12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

6    719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

7    the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

8    *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

9    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

10   elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

11   *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

12   contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

13   556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

14   allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not

15   crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550

16   U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal

17   pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding

18   that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19        ***A.       The Court dismisses Plaintiff's complaint without prejudice.***

20          Plaintiff sues Bridgecrest—a car financing and loan company—and its Chief Financial

21   Officer Daniel Gaudreau, both of whom he asserts are citizens of Arizona.  Under the question

22   asking for the amount in controversy, Plaintiff does not provide an amount but refers to Section

23   29 of the Federal Reserve Act, which specifies civil penalties for member banks and institution-

24   affiliated parties.  Plaintiff alleges that he and Bridgecrest entered into a written contract on

25   March 27, 2023 under which the parties were required to "purchase contract for asset[]" and

26   "secure Plaintiff's contract for security for asset."  Plaintiff alleges that Bridgecrest breached this

27   contract by breaching its fiduciary duties, "adverse action," "duress pay," and "omit."

28

1    Plaintiff's complaint does not provide enough factual detail to establish jurisdiction or to

2    constitute a claim on which relief can be granted.  Regarding jurisdiction, federal courts are courts

3    of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See*

4    *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Generally, for the court to have original federal subject

5    matter jurisdiction, a case must either involve diversity of citizenship between the parties or

6    involve a claim arising under federal law.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

7    (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").  For the

8    Court to have federal question jurisdiction, the complaint must arise under federal law.  28 U.S.C.

9    § 1331.  As for diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), federal courts have diversity

10   jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of

11   $75,000 ... and is between ... citizens of different States."  28 U.S.C. § 1332.  Furthermore, the

12   diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is

13   diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

14   (1996).

15   Here, Plaintiff has filled out the complaint form for a civil case alleging breach of contract

16   and specifying diversity jurisdiction.  Although Plaintiff explains that Defendants are citizens of a

17   different state than him, Plaintiff does not identify the amount in controversy, which is required to

18   establish jurisdiction.

19   Additionally, Plaintiff's complaint lacks sufficient facts to establish breach of contract.

20   To allege a claim for breach of contract under Nevada law, Plaintiff must allege: (1) formation of

21   a valid contract; (2) performance or excuse of performance by Plaintiff; (3) material breach by

22   Defendants; and (4) damages.  *See May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257

23   (Nev. 2005) (basic contract principles require an offer and acceptance, meeting of the minds, and

24   consideration); *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (Nev.

25   1987).  "Specifically, 'failure to perform one's obligations within the express terms of an

26   agreement constitutes a literal breach of contract.'"  *Med. Providers Fin. Corp. II v. New Life*

27   *Centers, L.L.C.*, 818 F.Supp.2d 1271, 1274 (D. Nev. 2011) (quoting *Saini v. Int'l Game Tech.*,

28   434 F.Supp.2d 913, 919–920 (D. Nev. 2006)).  However, Plaintiff has not adequately described

the terms of his contract with Bridgecrest or how Bridgecrest broke that contract to state a claim. Additionally, Plaintiff has not described Daniel Gaudreau's involvement in his breach of contract claim at all.  The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-2) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-2) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **July 7, 2023** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order.

DATED: June 7, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Page 4 of 4