# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Duhjuan L. Miller,<br><br>           Plaintiff,<br><br>v.<br><br>Bridgecrest and Daniel Gaudreau,<br><br>           Defendants. | Case No. 2:23-cv-00585-APG-DJA<br><br>**Order** |

      Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. (ECF No. 8). Plaintiff also submitted two amended complaints. (ECF Nos. 7 and 10). However, because the Court finds that neither amended complaint properly asserts sufficient facts, it dismisses his complaints with leave to amend.

**I.    Legal standard.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Discussion.**

Plaintiff has made two attempts to amend his complaint. (ECF Nos. 7[1] and 10[2]). Both attempts appear to allege breach of contract clams. However, neither alleges sufficient facts to establish those claims.

To allege a claim for breach of contract under Nevada law, Plaintiff must allege: (1) formation of a valid contract; (2) performance or excuse of performance by Plaintiff; (3) material breach by Defendants; and (4) damages. *See May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (Nev. 2005) (basic contract principles require an offer and acceptance, meeting of the minds, and consideration); *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (Nev. 1987). "Specifically, 'failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract.'" *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F.Supp.2d 1271, 1274 (D. Nev. 2011) (quoting *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919–920 (D. Nev. 2006)).

Plaintiff's first amendment attempt fails to state a claim on which relief can be granted because it does not provide sufficient facts. (ECF No. 7). Plaintiff alleges that Defendants have somehow breached a contract by "not honoring [his] letters of obligation to perform." However, Plaintiff has not provided any facts that would establish this Court's jurisdiction over his claim, has not explained what contract forms the basis for his breach of contract claim, and has not

---

[1] Although Plaintiff submitted his first amended complaint (ECF No. 7) before the Court submitted its order screening Plaintiff's original complaint (ECF No. 8), Plaintiff's first amended complaint was not *filed* on the docket until after the Court had already submitted the screening order. As a result, the Court's screening order (ECF No. 8) did not address Plaintiff's first amended complaint (ECF No. 7). Nonetheless, to clarify the docket, the Court will consider and screen Plaintiff's amended complaint filed at ECF No. 7.

[2] Plaintiff filed his amended complaint on June 26, 2023. (ECF No. 10). On July 12, 2023, he filed a motion to amend which was linked through the docket to the amended complaint, but did not otherwise mention the amended complaint or attach it as required by Local Rule 15-1. (ECF No. 11). The Court thus denied Plaintiff's motion to amend. Nonetheless, Plaintiff did not need to move to amend his complaint after the Court granted him leave to do so in its screening order. (ECF No. 8).

explained why Defendants are civilly liable for not "honoring" his letters. The Court thus dismisses Plaintiff first attempt at amendment without prejudice.

Plaintiff's second amendment adds slightly more detail, but still not enough to state a claim on which relief can be granted. (ECF No. 10). Plaintiff appears to allege that he and Bridgecrest (which Plaintiff also names as Drivetime) entered into a contract. However, Plaintiff's claim is difficult to decipher and it does not allege any of the elements for breach of contract. The Court thus dismisses Plaintiff's amended complaints without prejudice.

**IT IS THEREFORE ORDERED** that the amended complaints (ECF No. 7, 10) are **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **January 5, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order.

DATED: December 8, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE